UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN ROLE CLAYTON,

Plaintiff/Petitioner,

v. Case No. 8:26-cv-3058-JLB-GDP

SUPERVISOR JUDGE, *et al.*,

Defendants/Respondents.
________________________________/

**ORDER**

Mr. Clayton, a Florida pretrial detainee at the Polk County Jail, filed a Civil Rights Complaint (Complaint). (Doc. 1). After reviewing the Complaint as required by 28 U.S.C. § 1915A,[1] the Court concludes the Complaint must be dismissed without prejudice.

In his Complaint, Mr. Clayton alleges that his detention is unlawful because there is no evidence to support the charges against him. As relief, he

[1] Section 1915A states in pertinent part that:

> (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint...is frivolous, malicious, or fails to state a claim upon which relief may be granted….

seeks both release from detention and monetary damages for each day of detention.

Mr. Clayton must raise his challenge to his criminal charges and detention in a habeas corpus petition, not a civil rights violation complaint. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973))); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 786-87 (11th Cir. 2017) ("[A]n inmate in state custody 'cannot use a § 1983 action to challenge the fact or duration of his confinement' and instead must seek federal habeas corpus or appropriate state court relief." (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005))).

Accordingly, it is **ORDERED** that:

1. The Complaint (Doc. 1) is **DISMISSED** without prejudice under section 1915A. If Mr. Clayton wants to pursue both a habeas corpus claim under 28 U.S.C. § 2241 and a civil rights violation claim under 42 U.S.C. § 1983, he must file separate actions for the different types of claims and either pay the filing fees for each or move to proceed *in forma pauperis* in each case.

2. The Clerk must: 1) send, along with a copy of this Order, these forms to Mr. Clayton: (a) Complaint for Violation of Civil Rights (Prisoner); (b)

Affidavit of Indigency (2 copies); and (c) Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241; and 2) close this case.

**DONE and ORDERED in Tampa, Florida, on October 23, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE